IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL
TRUST CO., as Trustee,

        Plaintiff,                      No. CIV S-11-0088 GEB DAD PS

    vs.

GONZALO S. BORJA and
LEIZL K. BORJA,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        On January 10, 2011, defendants Gonzalo S. Borja and Leizl K. Borja, proceeding pro se, filed a notice of removal and paid the required filing fee.

        A declaration filed by plaintiff's counsel on February 4, 2011, demonstrates that the defendants were personally served with plaintiff's verified complaint for unlawful detainer on December 6, 2010, the defendants failed to appear and filed no answer or other response to plaintiff's complaint, default judgment was entered against the defendants on December 29, 2010, a writ of possession was issued to the County of Solano and forwarded to the Solano County Sheriff's Department for execution, and lockout was scheduled for January 11, 2011. (Pl.'s Decl. (Doc. No. 5) ¶¶ 8-11, Exs. 2-4.)  Plaintiff's evidence also reflects that the defendants filed a bankruptcy case on January 6, 2011, but that the bankruptcy court granted plaintiff's

1

motion to modify the automatic stay to permit plaintiff to obtain possession of the real property owned by plaintiff but occupied by defendants. (Id. ¶ 12 & Ex. 5.)

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In conclusory fashion, defendants allege that their removal of plaintiff's unlawful detainer action to this court "is being based on claims 'arising under' FEDERAL LAW, namely, as to Federal Jurisdiction resulting from the Moving Party's Discovery Request and Demand for: 'THE ORIGINAL BLUE INKED PROMISORY [sic] NOTE,' and as to identify the statutory basis for the discovery request/demand and other claims." (Def'ts' Notice of Removal (Doc. No. 1) at 2.) Although defendants also assert diversity of citizenship based on their "belief" that the amount in controversy exceeds $95,000, defendants allege that all parties to this action are citizens of California, thereby demonstrating that diversity of citizenship is not present. (Id. at 2, 14.)

Moreover, the exhibits attached to defendants' own notice of removal show that plaintiff's state court action is nothing more than a garden-variety unlawful detainer action brought pursuant to a state statute and seeking an amount that does not exceed $10,000. (Id., Ex.

1.) The court finds that plaintiff's unlawful detainer action, filed against former owners of real property located in California and based wholly on California law, does not present any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file the action originally in federal court. 28 U.S.C. § 1441(b).

Defendants have failed to meet their burden of establishing federal jurisdiction, and the action should therefore be remanded. Defendants are further advised that it is improper to use the removal process as a de facto appeal from a judgment entered by a state court. The United States District Court does not sit as a court of appeal from state court judgments. See Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008).

Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily remanded to the Superior Court of California, County of Solano and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after service of the objections.

DATED: May 10, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\deutschebank-borja0088.remand.ud